UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARIA BRITO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 13-1816 |
| | § | |
| OFFICE DEPOT, INC. | § | |
| | § | |
| Defendant. | § | |

## DEFENDANT'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Office Depot, Inc. ("Office Depot" or "Defendant") files this Notice of Removal of the above-entitled action from the 215th Judicial District Court, Harris County, Texas to the United States District Court for the Southern District of Texas, Houston Division. Defendant respectfully shows the Court that this case is subject to removal based upon diversity jurisdiction as follows:

### BACKGROUND

1. On or about May 16, 2013, cause number 2013-29389, *Maria Brito v. Office Depot, Inc.*, was filed in the 215th District Court of Harris County, Texas.

2. On May 22, 2013, Office Depot was served with Plaintiff's Original Petition. On June 12, 2013, Office Depot filed its Original Answer in state court.

3. Plaintiff Maria Brito ("Brito") made a jury demand in her Original Petition.

4. In this suit, Brito has asserted two causes of action against Office Depot: (1) sexual harassment under Texas law; and (2) retaliation in violation of Chapter 21 of the Texas Labor Code, also known as the Texas Commission on Human Rights Act ("TCHRA" or the "Act").

**PROCEDURAL PREREQUISTES**

5. Venue is proper in the United States District Court for the Southern District of Texas, Houston Division, as Brito originally filed this matter in Harris County, Texas. *See* 28 U.S.C. § 1441(a); 28 U.S.C. § 124(b)(2). This Notice of Removal is timely because it has been filed (1) within thirty days after Office Depot's receipt, through service, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, and (2) less than one year since the commencement of this action. 28 U.S.C. § 1446. Therefore, removal to this Court is proper under 28 U.S.C. §§ 1441(a) and (b) and 1446.

6. True and correct copies of the state court docket sheet, all executed process, pleadings asserting causes of action, answers to same, and orders signed by the state judge are attached hereto and incorporated herein by reference as Exhibit A.

7. As required by 28 U.S.C. § 1446(d), a Notice to State Court of Filing Notice of Removal, along with a copy of this Notice of Removal, will be simultaneously filed in the 215th District Court of Harris County, Texas, and served on Brito. A copy of the Notice to State Court of Filing Notice of Removal is attached to this Notice of Removal as Exhibit B.

**DIVERSITY JURISDICTION**

8. This Court has subject matter jurisdiction in this case based upon diversity jurisdiction. 28 U.S.C. § 1332. Diversity jurisdiction exists in a civil matter when (1) the amount in controversy exceeds $75,000, exclusive of interest and costs, and (2) the dispute is between citizens of different states. *Id.* § 1332(a)(1). Both of these requirements are met in this case.

## AMOUNT IN CONTROVERSY[1]

9. The amount in controversy in this suit exceeds $75,000, exclusive of interest and costs.

10. Specifically, Brito seeks back pay, front pay, lost benefits, damages for diminished earning capacity, damages for mental anguish and emotional distress, equitable relief, exemplary damages and attorney's fees. These categories of damages demonstrate that the amount in controversy in this suit exceeds $75,000. *Acosta v. Drury Inns, Inc.*, 400 F. Supp. 2d 916, 921 (W.D. Tex. 2005) (finding that because plaintiff seeks "past and future economic losses, past and future mental anguish, exemplary damages, attorney's fees and costs," it is "facially apparent from the petition that the claim exceeds" $75,000).

11. Moreover, as set forth below, the analysis of each category of damages makes clear that the $75,000 amount in controversy requirement is met with this suit.

A.   *Compensatory Damages*

12. In her Original Petition, Brito seeks "equitable relief, back pay, front pay, compensatory damages. . . the value of lost benefits, emotional distress, humiliation and embarrassment among co-workers and others, damage to her credibility, and damage to her prospects for future employment," as well as exemplary damages and attorney's fees. *See* Original Petition at ¶¶ 2, 21, 22, 23.

13. The TCHRA provides that if she prevails, Brito can recover compensatory and punitive damages. Tex. Lab. Code § 21.2585(a). Under the Act, compensatory damages include future pecuniary losses, as well as emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses. Tex. Lab. Code § 21.2585(d).

---

[1] The alleged damages calculations contained herein are for purposes of removal only. Office Depot denies that Brito is entitled to any relief whatsoever and expressly reserves the right to challenge Brito's alleged damages in this case.

### 1.     *Future Pecuniary Losses*

14.    Brito's claim for front pay is a claim for future pecuniary loss. *See Hansard v. Pepsi-Cola Metro. Bottling Co.*, 865 F.2d 1461, 1469 (5th Cir. 1989) ("Front pay refers to future lost earnings.")  Thus, Brito seeks, and is allowed to recover, future pecuniary losses. *See* Original Petition at ¶¶ 2, 28; Tex. Lab. Code § 21.2585(d).

15.    As of October 8, 2012, and at the time of her termination, Brito was paid $11.75 an hour and worked approximately 40 hours per week. *See* Exhibit C, Stromberg Declaration at ¶ 4.  Thus, Plaintiff earned approximately $23,500 per year (*i.e.*, $11.75 x 40 hours per week x 50 weeks per year).  Thus, at the time of termination, Brito's wages averaged at least $1,958.00 per month.

16.    Brito seeks "front pay and the value of lost benefits for the period remaining until her normal retirement age." *See* Original Petition at ¶ 28.  Thus, Brito seeks future pecuniary losses in the form of wages until approximately age 65.  At the time of her termination, Brito was 51 years of age.

17.    Even if Brito's recovery of future wages was limited to the next 5 years, this amount of future pecuniary losses would total $117,500.[2]

18.    Thus, Brito seeks and can recover at least $117,500 in future pecuniary losses. This category of damages alone satisfies the $75,000 amount in controversy requirement. *See Richey v. Wal-Mart Stores, Inc.*, No. 10-20158, 390 Fed. Appx. 375, 379 (5th Cir. Aug. 12, 2010) (finding employee's future lost wages "alone would exceed $75,000 – and that calculation does not take into consideration the amounts [plaintiff] seeks to recover for her actual lost wages and benefits, or her mental anguish in the past and future") (attached as Exhibit D).

---

[2] This number is calculated by multiplying Brito's average annual salary of $23,500, by 5 years, which yields $117,500.

4

### *2.     Emotional Pain, Suffering, Inconvenience, Mental Anguish, and Loss of Enjoyment of Life*

19.    Brito can also recover damages for emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses. *See* Tex. Lab. Code § 21.2585(d).

20.    Even if Brito was awarded only $10,000 a year for non-pecuniary losses such as these for the next 10 years, this amount of damages would total $100,000. This category of damages alone also satisfies the $75,000 in controversy requirement.

### B.    Back Pay

21.    The TCHRA provides that compensatory damages may not include back pay. Tex. Lab. Code § 21.2585(c).

22.    However, Section 21.258 of the Act provides that Brito may recover "additional equitable relief as may be appropriate," and that this additional equitable relief may include "hiring or reinstating with or without back pay." *See* Tex. Lab. Code §§ 21.258(a), (b).

23.    Thus, under the TCHRA, back pay can be awarded in addition to compensatory damages. *See Edwards v. Aaron Rents, Inc.*, 482 F. Supp. 2d 803, 818 (W.D. Tex. 2006) (awarding plaintiff back pay of $38,493.00 in addition to compensatory damages under the TCHRA).

24.    In her Original Petition, Brito seeks "equitable relief" and "back pay." Original Petition at ¶ 2. Thus, Brito seeks, and is allowed to recover, back pay.

25.    Brito was terminated on December 18, 2012, and if she prevails, she would be entitled to back pay until the date of judgment. *See Edwards*, 482 F. Supp. 2d at 817 (calculating back pay until the date the jury returned its verdict).

26. Even if this suit were to proceed expeditiously and conclude approximately one and a half years after being filed, Brito could still recover up to $35,244.00 in back pay.[3]

27. This amount of back pay sought is in addition to all elements of compensatory damages, and thus, satisfies the $75,000 amount in controversy.

C. *Attorney's Fees and Exemplary Damages*

28. Brito also seeks attorney's fees and exemplary damages. *See* Original Petition at ¶¶ 2, 22, 23, 28.

29. If a state statute provides for attorney's fees, such fees are included as part of the $75,000 amount in controversy for removal purposes. *Foret v. S. Farm Bureau Life Ins. Co.*, 918 F.2d 534, 537 (5th Cir. 1990). Here, the TCHRA provides that the prevailing party may recover reasonable attorney's fees. *See* Tex. Lab. Code § 21.259(a). *See Edwards*, 482 F. Supp. 2d at 814 (awarding $130,752.50 in attorney's fees in an action filed under the TCHRA).

30. The fact that Plaintiff seeks to recover attorneys' fees and exemplary damages further evidences that the amount in controversy in this case easily exceeds $75,000. *See Preece v. Physicians Surgical Care, Inc.*, No. H-06-0715, 2006 U.S. Dist. LEXIS 34102, at *11 (S.D. Tex. May 26, 2006) (holding that even if the value of the relief requested by the plaintiff was less than $75,000, "attorney's fees and exemplary damages could easily inflate plaintiff's potential recovery to well over $75,000") (unpublished opinion attached as Exhibit E).

31. Therefore, given the range of damages sought by Brito, the amount in controversy exceeds $75,000, exclusive of interest and costs. *Vincent v. Fresenius Med. Care of N. Am.*, No. SA-03-CA-934-XR, 2003 U.S. Dist. LEXIS 23399 at *9-10 (W.D. Tex. Oct. 29, 2003) (finding that it is "facially apparent" from plaintiff's petition that amount in controversy exceeds $75,000

---

[3] This amount was calculated by providing Brito with $1,958.00 a month in back pay from December 18, 2012 to June 18, 2014.

because she sought future lost wages, lost benefits, mental anguish, inconvenience, loss of enjoyment of life, attorney's fees, and punitive damages) (attached as Exhibit F).

### DIVERSITY OF CITIZENSHIP

32. The second requirement for removal is also established because complete diversity of citizenship between Brito and Office Depot existed at the time of filing of Plaintiff's Original Petition and exists at the time of removal.

33. In her Original Petition, Brito states that she resides in Harris County, Texas. *See* Original Petition at ¶ 7. Accordingly, Brito is a citizen of the State of Texas for purposes of diversity jurisdiction.

34. Additionally, Brito admits in the Original Petition that Office Depot is a foreign corporation. *See* Original Petition at ¶ 9. At the time this action was commenced in state court, Office Depot was, and still is, a corporation organized under the laws of the State of Delaware with its principal place of business in Boca Raton, Florida, where its corporate offices and headquarters, which house Office Depot's executive and administrative functions, are located. *See* Exhibit C, Stromberg Declaration at ¶¶ 5-6. Thus, Defendant is a citizen of the State of Delaware, where it is incorporated, and a citizen of Florida, where it has its principal place of business. *See Hertz Corp. v. Friend*, 130 U.S. 1181, 1192-93 (2010) (the principal place of business is "where a corporation's officers direct, control, and coordinate the corporation's activities"). Accordingly, complete diversity exists between Plaintiff, a citizen of Texas, and Office Depot, a citizen of states other than Texas.

WHEREFORE, Defendant Office Depot, Inc., respectfully requests the removal of this action from the 215th Judicial District Court, Harris County, Texas to this Court.

Dated: June 21, 2013                                   Respectfully submitted,

                                                       LITTLER MENDELSON, P.C.

OF COUNSEL                                             /s/ Melissa J. Judd
                                                       Melissa J. Judd
Ashley Frankson                                        State Bar No. 24032945
State Bar No. 24059776
Federal Bar No. 1120021                                Federal Bar No. 32408
LITTLER MENDELSON, P.C.                                1301 McKinney
1301 McKinney                                          Suite 1900
Suite 1900                                             Houston, Texas 77010
Houston, Texas 77010                                   Telephone: (713) 951-9400
Telephone: (713) 951-9400                              Telecopier: (713) 951-9212
Telecopier: (713) 951-9212

**ATTORNEYS FOR DEFENDANT OFFICE DEPOT, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that, on June 21, 2013, I electronically filed the foregoing with the Clerk of Court using the electronic filing system and mailed the foregoing via certified mail, return receipt requested to the following:

Brad Peek
Law Office of Keith Lovelace
8303 Southwest Freeway, Suite 975
Houston, Texas 77074

*Sent CM/RRR No. 7013 0600 0001 7866 0188*

//s/ Melissa J. Judd
Melissa J. Judd