IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARIA BRITO, § | | |
|     Plaintiff, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. 4:13-cv-1816 |
| § | | |
| OFFICE DEPOT, INC., § | | |
|     Defendant. § | | |

**PLAINTIFF'S FIRST AMENDED ORIGINAL COMPLAINT**

Plaintiff, MARIA BRITO, in the above-entitled and numbered cause files this First Amended Original Complaint[1] complaining of OFFICE DEPOT, INC., and PARKER PRESLEY and for cause of action would respectfully show:

**A. DISCOVERY CONTROL PLAN**

1. Plaintiff states that discovery in this lawsuit is intended to be conducted under Level 1 of Rule 190 of the Texas Rules of Civil Procedure.

**B. PRELIMINARY STATEMENT**

2. This action seeks equitable relief, back pay, front pay, compensatory damages, and costs and attorney's fees for sexual harassment and retaliation by Defendants toward Plaintiff.

3. This action arises under the Tex. Labor Code §21.001 *et seq.* as amended, and Texas common law, to correct unlawful employment practices on the basis of sex.

**C. JURISDICTION**

4. This suit is brought within the jurisdictional limits of this Court.

---

[1] Plaintiff has renamed this pleading as a "complaint" to comply with the Federal rules. The sole purpose of this amendment is to add Defendant Parker Presley, a Texas resident, to the suit. This nondiverse additional Defendant destroys diversity jurisdiction.

5. Defendant, OFFICE DEPOT, INC. (hereafter "Office Depot"), engaged in activities constituting business in the State of Texas as provided by section 17.042 of the Texas Civil Practice and Remedies Code, and said Defendant committed a tort in whole or in part in Texas or recruits or has recruited Texas residents for employment inside or outside this state.

6. Defendant, PARKER PRESLEY, is an individual who resides in Texas.

## D. VENUE

7. This action properly lies in Harris County because the Plaintiff resides there, Defendants may be found there, and the events or omissions leading to the claim occurred in whole or in part in Harris County.

## E. PARTIES

8. Plaintiff, MARIA BRITO, is an individual who resides in Houston, Harris County, Texas.

9. Pursuant to Texas Civil Practices and Remedies Code §30.014 the last three digits of MARIA BRITO'S driver's license number are 040, and the last three digits of MARIA BRITO'S social security number are 760.

10. Defendant, OFFICE DEPOT, INC., is a foreign corporation organized and existing under the laws of Delaware, whose principal office is located at 6600 N. Military Trail, Boca Raton, Florida 33496 is authorized to do business in Texas and has been served with process by serving its registered agent for service of process, Corporate Creations Network, Inc., or another person authorized to accept service, at 4265 San Felipe, #1100, Houston, Texas 77027.

11. Defendant, Parker Presley, is an individual who may be served with process at his residence address, 24449 Richards Road, Hempstead, Texas 77445 or wherever he may be found.

## F. FACTS

12. Plaintiff is a Spanish-speaking female that began working for Office Depot in August of 2008 as a packer in an Office Depot warehouse located at 6225 West by Northwest Boulevard, Houston, Texas 77040.  Starting around the middle of September 2012, she began experiencing sexual harassment from another employee.

13. On or about September 17, 2012, Parker Presley, employee for Office Depot, attempted to walk behind Plaintiff in a manner that would allow him to rub his clothed privates against Plaintiff's buttocks.  Plaintiff immediately objected to Mr. Presley doing this but the objection did not deter Mr. Presley from sexually harassing Plaintiff.

14. Immediately after the first incident, Plaintiff went to her direct supervisor, Jeannette Davis, who is a Warehouse Manager to report what had happened. After communicating the facts of the incident to Ms. Davis without the help of an interpreter, Ms. Davis then spoke to Mr. Presley.  Afterward, Ms. Davis told Plaintiff and Mr. Presley that they needed to "get along."

15. For about the next two weeks, Mr. Presley continued to walk behind Plaintiff every day. Two to three times every day during the last two weeks of September, Mr. Presley would walk behind Plaintiff and brush the front of his body up against the back of Plaintiff's. There was no reason for Mr. Presley to walk this path other than to harass Plaintiff.

16. On or about October 2, 2012, Plaintiff again objected to the harassment from Mr. Presley. When he approached her, she begged him to walk around the other side of the table because there was more room there. Instead of respecting Plaintiff's request, Mr. Presley raised his fists while walking towards her in a hostile manner. Lay Baker, another Office Depot employee, stepped between Mr. Presley and Plaintiff to prevent him from hitting her. While Ms. Baker calmed down Mr. Presley, Plaintiff left the area. Plaintiff then went to report the incident to her supervisor.

17. During this complaint, Plaintiff had Pricilla Pizarro, an Office Depot employee, translate the incident to Ms. Davis. Ms. Davis expressed the seriousness of the accusations and Plaintiff affirmed that she also felt it was serious. Ms. Davis proceeded to tell Plaintiff that this was an incident in which someone could lose their job. After about a thirty minute meeting, Ms. Pizarro and Plaintiff left and returned to their work stations. Plaintiff is not aware of any investigation that was conducted.

18. On December 12, 2012, Plaintiff was disciplined for allegedly touching a female employee. After being put on administrative leave while an investigation was conducted, Plaintiff was fired on December 14, 2012. Plaintiff received a letter of

termination dated December 18, 2012.

## G. COUNT 1 – SEXUAL HARASSMENT

19. Defendants intentionally discriminated against Plaintiff by creating a sexually hostile work environment. Parker Presley's conduct unreasonably interfered with Plaintiff's work performance. Specifically, Mr. Presley purposefully walked behind Plaintiff close enough so that his clothed privates would rub against her rear end.

20. Parker Presley's inappropriate and inexcusable actions were uninvited and extremely offensive to Plaintiff. Plaintiff was subjected to a hostile work environment as a result of the touching.

## H. COUNT 2 - RETALIATION

21. Plaintiff was retaliated against for opposing unlawful workplace discrimination. About two months after complaining of the unlawful sexual harassment and the hostile work environment to her supervisor, Plaintiff was discharged.  This retaliatory termination took place after one of Office Depot's employees alleged Plaintiff had touched her inappropriately.  After a short investigation, Plaintiff was terminated.

## I. COUNT 3 – NON-CONSENSUAL TOUCHING

22. Additionally, Defendant Parker Presley engaged in threatened and actual harmful, offensive and unwanted physical contact with parts of Plaintiff's body.

23. Defendant Parker Presley is liable to Plaintiff for the non-consensual touching through his actual harmful, offensive and unwanted physical contact with Plaintiff.

## J. DAMAGES

24. Plaintiff seeks only monetary relief of less than $75,000.00, including damages of any kind, penalties, costs, expenses, prejudgment interest, and attorney's fees.

25. As a direct and proximate result of the sexual harassment and retaliation which resulted in her wrongful discharge from the company, Plaintiff has suffered serious harm, including, but not limited to, lost wages and the value of lost benefits; emotional distress; humiliation and embarrassment among co-workers and others; damage to her credibility; and damage to her prospects for future employment.  In addition, Plaintiff has had to employ counsel for which Plaintiff seeks reasonable attorney's fees.

26. Plaintiff seeks exemplary damages for harm caused by Defendants' malice and reckless indifference under Texas Civil Practice & Remedies Code section 41.003(a)(2) & (3) and Texas Labor Code §21.2585.

## K. ATTORNEY'S FEES

27. Plaintiff is entitled to recover reasonable and necessary attorney's fees under the Tex. Labor Code §21.259(a) for claims against Defendants.

## L. TIMELINESS

28. The conduct and practices complained of herein that are a basis for claims under the Texas Commission on Human Rights Act occurred within the 180 days preceding the filing of the administrative complaint with the Civil Rights Division of the Texas Workforce Commission upon which Plaintiff bases her claims.

## M. ADMINISTRATIVE CONDITIONS PRECEDENT

29. On or about December 31, 2012, Plaintiff filed a Charge of Discrimination with the Civil Rights Division of the Texas Workforce Commission alleging sex discrimination and retaliation. Plaintiff received a Notice of Right to Sue (Exhibit "A") from the Commission dated April 25, 2013, and has sued within sixty (60) days of receipt of the notice and within two (2) years of the filing of her Charge of Discrimination.

30. All administrative conditions for bringing this suit have occurred or have been done.

## N. DEMAND FOR JURY

31. Plaintiff demands a jury trial.

## O. PRAYER

32. For these reasons, Plaintiff asks that Defendants be cited to appear and answer and, on final trial, that Plaintiff have judgment against Defendants and the Court order relief that includes the following:

    1. Declare Defendants' conduct to be in violation of Plaintiff's rights;

    2. Enjoin the Defendants from engaging in such conduct;

    3. Award Plaintiff front pay and the value of lost benefits;

    4. Award Plaintiff back pay and the value of lost benefits up to the date of front pay accrual;

    5. Award Plaintiff compensatory damages for emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life;

    6. Award Plaintiff punitive damages;

7. Award Plaintiff special and nominal damages for injuries caused by Defendants' conduct;

8. Order Defendants to pay Plaintiff's costs and attorney's fees; and

9. Order and grant other relief as is proper and just.

## P. REQUEST FOR DISCLOSURE

33. Under Texas Rule of Civil Procedure 194, Plaintiff requests that Defendants disclose, within 50 days of the service of this request, the information or material described in Rule 194.2(a) through (k).

Respectfully submitted,

**LAW OFFICES OF KEITH LOVELACE**

By: ___/s/ Keith Lovelace_____
    Keith Lovelace
    SBN 12600700
    8303 Southwest Freeway, Suite 975
    Houston, Texas 77074
    Telephone (713) 777-0500
    Facsimile  (713) 995-5555
    **ATTORNEY FOR PLAINTIFF**
    **MARIA BRITO**

## **CERTIFICATE OF SERVICE**

     I hereby certify that a true and correct copy of the foregoing has been faxed to the counsel of record listed below in accordance with the Federal Rules of Civil Procedure on this 28nd day of June 2013.

**VIA FACSIMILE 713-951-9212**

Melissa Judd
Littler Mendelson, P.C.
1301 McKinney
Houston, Texas 77010
Telephone: 713-951-9400
Facsimile:   713-951-9212

**ATTORNEY FOR DEFENDANT
OFFICE DEPOT, INC.**

                By: /s/ Keith Lovelace_____
                     Keith Lovelace